[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff corporation operates and owns an oil and asphalt terminal and tank farm located on the Quinnipiac River in New Haven harbor. The defendant is a former manager of the terminal who was discharged after the terminal changed ownership.
Plaintiff brings this action to recover the cost of certain furniture and equipment defendant took with him from the terminal CT Page 14693 when the was terminated. Defendant's position is that the furniture and equipment were given to him by an agent of the plaintiff. He has presented no evidence of this defense.
At issue is a "cherrywood" desk, credenza, two bookcases and a computer. At trial the defendant admitted that the took the desk, credenza and one bookcase. He testified that they had been given to him when they were at the plaintiff's Watertown location and he took them to his office at the tank farm in New Haven. When he was discharged, he took them to his home and subsequently gave them to his sister-in-law. Subsequently, the furniture was lost.
The furniture was located at 18 Falls Avenue, in Oakville, Ct in a building owned by Stack, Inc. They were purchased for the corporation in 1986 by the president of the corporation, as a gift for his father. The father was not working, but liked to sit at the desk.
On or about March 1, 1996, the defendant went to Oakville, and took all of the furniture, and drove it to the New Haven office of the plaintiff. The defendant sometime in May, 1996, gave the desk to his sister-in-law. The desk was lost.
At the close of the plaintiffs case, the defendant made a motion for dismissal for failure to make a prima facie case. The court reserved judgment.
The defendant committed a conversion, see Ballentine LawDictionary, Third Edition, p. 269.
The application of a fair rule of damages must be considered.
 "If the property has no market value at the time and place of conversion, either because of its limited production or because it is of such a nature that there can be no general demand for it, and it is more particularly valuable to the owner than any other it maybe estimated with reference to its value to him, excluding any sentimental value, if it is impossible to replace it."
4 Sutherland on Damages, § 1117.
"The cardinal rule is that a person injured shall receive fair compensation for his loss or injury and no more. CT Page 14694 Commonly in cases of conversion the loss is the value of the property. Commonly the value of the property as representing the owner's loss is its market value, if it have one, since thereby is indicated the cost of replacing. Hence the subordinate rule of general application appealed to by the defendant. But the principal rule, which seeks to give fair compensation for the loss, is the paramount one, and ordinarily when the subordinate one fails to accomplish the desired result it yields to an exception or modification. It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but the should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental for fanciful value the may for any reason place upon it."
Barker v. Lewis Storage and Transfer Co., 79 Conn. 198, 200. Cf.Matthews v. Livingston, 86 Conn. 263, 271; Pope Foundation. Inc.v. New York, N.H. H.R. Co., 106 Conn. 423, 432; Kuzemka v.Gregory, 109 Conn. 117, 122.
The case of MacDermid v. Waterbury Furniture Co., 13 Conn. Sup. 235, is similar to the instant case. There, the plaintiff delivered rugs to the defendant. A salesman of the defendant absconded with the rugs. In both cases, there were a conversion and the goods were lost. There remains the assessment of damages.
"However, the matter is not in the realm of conjecture or speculation, since there is sufficient basis upon which to predicate a fair award in compliance with the rule of Barker v.Lewis Storage Transfer Co., supra. The plaintiff's opinion evidence is helpful but not necessarily conclusive. It is to be weighed in view of all the circumstances." p. 240
The cost of $5,000.00 was not allocated among the items. However, the chief article was the cherry desk. Considering the CT Page 14695 date of purchase of 1984, and the figure of $4,000.00 as a fair allocation of the purchase price, the figure of $2,500.00 is a fair reimbursement for the actual money loss.
The defendant's motion for dismissal for failure to make a prima facie case is denied.
Judgment may enter for the plaintiff to recover of the defendant $2,500.00 and the costs.
Robert P. Burns Judge Trial Referee